```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
CONSTELLATION AGENCY, LLC,                                             :
                                                                       :
                              Plaintiff,                               :
                                                                       :
              -v-                                                      :   22-CV-4630 (JMF)
                                                                       :
DIVERSENOTE, LLC et al.,                                               :   ORDER
                                                                       :
                              Defendants.                              :
                                                                       :
-----------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

  Plaintiff Constellation Agency, LLC brings this action against Defendants DiverseNote, LLC, DiverseNote Enterprise, LLC, and DiverseNote Mobility, invoking the Court's subject matter jurisdiction on the ground of diversity of citizenship. *See* 28 U.S.C. § 1332. Plaintiff alleges that it is a citizen of New York. *See* ECF No. 1 ("Complaint") ¶ 1. It alleges that Defendants DiverseNote, LLC, and DiverseNote Enterprise, LLC, (the "Defendant LLCs") are citizens of Michigan. *See id.* ¶¶ 2-3.

  It is well established that a limited liability company ("LLC") is deemed to be a citizen of each state of which its members are citizens. *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000); *see also Altissima Ltd. v. One Niagara LLC*, No. 08-CV-756S(M), 2010 WL 3504798, at *2 (W.D.N.Y. Sept. 2, 2010) (noting that every other Court of Appeals to have considered LLC citizenship has held that an LLC has the citizenship of all of its members). Thus, a complaint premised upon diversity of citizenship must allege the citizenship of natural persons who are members of an LLC and the place of incorporation and principal place of business of any corporate entities that are members of the LLC (including the citizenship of any members of the LLC that are themselves LLCs). *See Handelsman*, 213 F.3d at

51-52; *see also, e.g.*, *In re Bank of Am. Corp. Sec., Derivatives, and ERISA Litig.*, 757 F. Supp. 2d 260, 334 n.17 (S.D.N.Y. 2010). In the present case, the Complaint fails to do so.

Accordingly, it is hereby ORDERED that, on or before **June 14, 2022**, the Plaintiff shall amend its Complaint to allege the citizenship of each constituent person or entity comprising the Defendant LLCs as well as the citizenship of all individual parties. If, by that date, the Plaintiff is unable to amend the Complaint to truthfully allege complete diversity of citizenship, then the Complaint will be dismissed for lack of subject matter jurisdiction without further notice to either party.

SO ORDERED.

Dated: June 7, 2022
       New York, New York

                                                  JESSE M. FURMAN
                                         United States District Judge